RECEIPT # PWI00028591
AMOUNT: $46.00
SEP 25 2014
CASHIER'S SIGNATURE

RECEIVED AND FILED
CASHIER
2014 SEP 25 PM 1:58
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF THE
WARRANTLESS SEIZURE OF:

THE APPROXIMATE AMOUNT OF
$1,389.550.00 IN U.S. CURRENCY.

MISC. NO. 14-mc-360 PG

### DEMAND FOR RETURN OF ILLEGALLY SEIZED PROPERTY

**TO THE HONORABLE COURT:**

The Claimant, Hector Orta-Castro, by and through his -attorney Edgard Lebron-Landrau, Esquire, respectfully files this Demand for the Return of Illegally Seized Property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedures, requesting the release and return THE APPROXIMATE AMOUNT OF $1,389.550.00 IN U.S. CURRENCY illegally seized from Claimant's home June 2, 2014, by Special Agents of Homeland Security Investigations ("HSI"), in Fajardo, P.R. The currency was seized without a warrant in violation of Claimant's Fourth Amendment Constitutional Right, his statutory rights under 18 U.S.C. § 981 (b)(1), and the Civil Asset Reform Act of 2000, ("CAFRA"). [1] Alternately, the Claimant requests that this Court set an expedited evidentiary hearing on the issues raised by this Demand. The Claimant submits that this Court has equitable jurisdiction over this motion, and requests the release and return of

---

[1] Pub. L. No. 106-185, 114 Stat. 202.

the currency for the reasons set forth below.

## APPLICABLE LAW

### 1. The Warrant Requirement in Forfeiture Seizures.

The Fourth Amendment assures that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated. . . ." U.S. CONST. amend. IV. The fourth amendment was enacted primarily in reaction to "the evils associated with the use of the general warrant in England and the writs of assistance in the Colonies . . . and was intended to protect the 'sanctity of a man's home and the privacies of life . . . from searches under unchecked general authority." *Stone v. Powell*, 428 U.S. 465, 482 (1967). "The purpose of the warrant requirement in a forfeiture seizure case is to obtain a neutral magistrate's determination of probable cause to believe the government in fact has a superior possessory right to the property" *before* the property is seized. *United States v. One 1965 Pontiac Lemans*, 621 F.2d 444, 453 (1st Cir. 1980) (Coffin, CJ. dissenting).

The Civil Asset Forfeiture Reform Act specifically requires the police to obtain a seizure warrant before seizing property for federal forfeiture subject to narrowly tailored exceptions not applicable here. See 18 U.S.C. § 981 (b)(2)(B)(i) and (ii).[2] This has been the law in this circuit even prior to CAFRA. "It is clear that, in this circuit, the

---

[2] For example, this section authorizes warrantless forfeiture seizures based exclusively on probable cause *and* the existence of an arrest or search warrant. (Id.). The warrantless seizure of the currency for forfeiture was not made pursuant to the execution of any warrant.

government must obtain a warrant issued by a judicial officer before seizing property pursuant to 21 U.S.C. § 881 in the absence of exigent circumstances." *In re Application for warrant to seize one 1998 Chevrolet Monte-Carlo and One 1987 Chevrolet Camaro*, 677 F. Supp. 57, 58 (D. Mass. 1988)(emphasis added), quoting *United States v. Pappas*, 633 F.2d 324. 329-30 (1st Cir. 1980) (en banc)

### 1. This Court has Equitable Jurisdiction under Fed. R. Crim. P. 41 (g) to Order the Return of the Currency Illegally Seized and this Court is the Proper Venue for this Action.

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by *an unlawful search and seizure* of property or by the deprivation of property may move for the property return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return tile property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. (Emphasis ours).

First, Rule 41(g) is the appropriate means for the Claimant to seek the return of illegally seized property even where, as here, administrative forfeiture proceedings have been instituted against property.[3] Fed. R. Crim. P. 41 (g) and forfeitures under CAFRA present two different questions.

> *[T]he questions asked in a Rule 41(e) proceeding and a federal forfeiture proceeding are fundamentally different. In a Rule 41(e) proceeding, the claimant's right to return of the property depends upon whether the claimant has been "aggrieved by an unlawful search and seizure or by the deprivation of property," Fed. R. Crim. P. 41(e), but in a forfeiture action*

---

3 Administrative forfeiture proceedings against the currency were commenced by Customs and Border Protection on July 11, 2014, CASE NUMBER 2014-4904-000046-01. A timely claim on behalf of Claimant was timely hand delivered to CBP August 15, 2014.

> *pursuant to 21 U.S.C. § 881, the question is whether there is probable cause to connect the property to illegal drug activity.* See, e.g., United States v. $87,060.00, 23 F.3d 1352, 1354 (8th Cir.1994); United States v. $7,850 in U.S. Currency, 7 F.3d 1355, 1356 (8th Cir.1993); United States v. $150,660.00, 980 F.2d 1200, 1204 (8th Cir.1992). Thus, determination of grounds for return of property pursuant to Fed. R. Crim. P. 41(e) would not necessarily insulate it from civil forfeiture, because unconstitutional conduct in seizing drug-related property is "irrelevant" to the power of the federal government to forfeit the property where the government can establish the requirements for forfeiture with evidence untainted by any constitutional violation by the officials who initially seized the property. One 1977 Mercedes Benz, 708 F.2d at 450.

*Madewell v. Downs*, 68 F. 3d 1030, 1044 n. 18 (8th Cir. 1995) (<u>emphasis supplied</u>)

Claimant's Demand for Return of Property requests the return of the currency on grounds that the claimant has been aggrieved by an unlawful search and seizure of the currency, a claim plainly cognizable under Rule 41 (g). The Demand does not request the currency's return based on any allegation that there is no probable cause to connect the property to illegal drug activity, a matter that us only relevant in the Government's in rem forfeiture proceedings.

Therefore, the Court could and should exercise its equitable jurisdiction to decide whether to return the currency to the Claimant based on the government's plainly unlawful seizure of the currency, a question that is irrelevant to the administrative forfeiture proceedings the government has now commenced against the currency. The "Government's subsequent filing of administrative forfeiture proceedings against property d[oes] not divest district court of subject matter jurisdiction to hear motion for return of property obtained by <u>unlawful search and seizure</u>." *Floyd v. United States*, 677 F.

Supp. 1083 (D. Colorado 1987(emphasis added)). To do otherwise, would eviscerate the mandatory seizure warrant requirement in CAFRA and the Fourth Amendment itself. Where, as here, a person files a motion for return of property obtained by unlawful search and seizure, a Court should not allow the United States to bar a remedy because it commenced administrative forfeiture proceedings." (Id.)

## CONCLUSION

For the reasons set forth above, claimant respectfully requests that this Court order the return of the currency illegally seized from the claimant forthwith pursuant to FED. R. CRIM. P. 41 (g).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this the 23rd day of September 2014.

EDGARD LEBRON-LANDRAU, ESQ.
656 CALLE HATILLO
San Juan, PR 00958
TEL. 787-510-1354
Email: edgardlebron@yahoo.com